OAK HILL COUNTRY CLUB, Plaintiff, v. TOWN OF PITTSFORD and Others, Defendants.

Supreme Court, Monroe County, May 29, 1931.

*Wile, Oviatt & Gilman,* for the plaintiff.

*Webster & Smith,* for town of Pittsford, town board and town superintendent of highways.

*James E. Cuff* for Harry J. Bareham, as treasurer of the county of Monroe, the board of supervisors and the county of Monroe.

RODENBECK, J. The fact that stands out in this case, and by reference to which all questions of law must be determined, is that

Kilbourn road, which the town authorities of the town of Pittsford undertook to improve, was not a public street at the time that the improvement was inaugurated. Here we have the situation of a town undertaking to make a public improvement upon a strip of land that was private property, and the town authorities are now seeking to justify the assessments levied upon the plaintiff's property for such an improvement. After the improvement had been made, the easterly half of the eighty-foot strip covered by the road in front of plaintiff's property was dedicated by the owner of the fee to the town, and this dedication was accepted, but there never has been any dedication of the westerly half owned by the plaintiff, and it never has become a public street by any other process.

The town was, obviously, limited to the improvement of a public street (Laws of 1926, chap. 549). No other construction of the statute is reasonable. The Legislature would have no authority to provide for the improvement of a private road against the consent of the owner, and it could not delegate that authority to a town. This is the first proposition of law. We have, then, a private strip of land upon which the town authorities have laid a pavement, and made incidental improvements, with no authority to do so.

The only grounds for argument that the defendants have to sustain this unauthorized act are the alleged acts and conduct of the plaintiff, from which it seeks to argue that the plaintiff waived the constitutional objections to the course taken by the town authorities, or, if it did not do so, that it is estopped by its acts and conduct from now claiming that the assessments are void; or that it did not proceed in time.

The position that the plaintiff has waived its right to object to the assessments is without force. The town authorities not having jurisdiction of the *locus in quo*, it was not required of the plaintiff to object when the hearing was had. Besides, the *notice* was misleading. But, in addition to that, when the hearing was had under the statute, the plaintiff did not know that the improvement encroached upon its property and there is no basis for the inference that it had any such knowledge, or had been given any notice thereof. When the transfer was made by Grafton Johnson to the University of Rochester the boundary line between their respective properties was fixed, and this boundary line became the center line of Kilbourn road, as Johnson afterwards laid it out upon paper. He was projecting a real estate development of the property fronting on East avenue, and, after his conveyance to the University of Rochester, he filed a map apparently showing

Kilbourn road entirely upon his own land. He laid out lots fronting on Kilbourn road and instead of applying eighty feet of his land towards the road, he applied forty feet and undertook to appropriate forty feet of the land which he had previously conveyed to the University of Rochester. This map, of course, was not binding upon the university or upon its successor, the plaintiff. The plaintiff did not petition for the improvement. The notice for the public hearing on the petition was headed, " Notice of Public Hearing, Kilbourn Road Improvement, East Avenue Estates, Town of Pittsford, Monroe County, New York." The order made by the town board was headed, " East Avenue Estates, Town of Pittsford, Monroe County, New York, Kilbourn Road Improvement." The form of notice for bids recited that Kilbourn road was within the East Avenue Estates subdivision. The dedication of Johnson certified that he was the sole owner of the land covered by the road, and the road was not formally laid out until February 20, 1928, after the improvement had been certified as completed. There is nothing in the situation which required the plaintiff to appear when objections to the assessment were heard, and the town authorities, being without power to make an improvement upon private property, it was not required to present objections. There is nothing in the statute which authorizes the town authorities to determine any disputed question of fact in relation to the location of a highway, but, if there were any such provision, the situation here is that the entire improvement was projected over private property. There is nothing in the circumstances of the case which required the plaintiff to appear and object to the improvement, or any of the assessments, and nothing which justifies the application of the principle of waiver.

Nor is there anything in the conduct of the plaintiff that justifies the application of the principle of estoppel. This principle does not apply where the party who is claimed to be estopped has acted without knowledge of the facts. There has been no intention on the part of the plaintiff to mislead anybody. It has acted innocently in the entire transaction. The act of the town authorities and Johnson, in assuming to appropriate a part of plaintiff's land for the improvement, was not discovered by the plaintiff until after the improvement had been made. Objections, then, would have been of no avail. It could stand upon its legal rights and resist collection of any assessments. The first assessment had been levied before the plaintiff became aware of the situation, and its payment did not preclude the plaintiff from resisting further assessments for an improvement made wholly without jurisdiction.

This is so, also, with reference to the water connection. No act of the plaintiff could confer jurisdiction upon the town authorities. They were not misled by the payment of the first assessment or by the connection with the water main. There is no mention of Kilbourn road in any of the conveyances between Johnson, the university and the plaintiff, and there never was any agreement to construct such a road. An oral agreement to that effect would not be effective. There was some discussion but that discussion related to a private road. The plaintiff did not need the portion of Kilbourn road in question. It had access to its property from East avenue by three other routes, and it was no advantage to it to have its property bounded on the east by a public highway. The fact that the property of the plaintiff was located away from the existing highway shows that it was not desired to locate its grounds in the proximity of public highways. Its clubhouse is not located near Kilbourn road or any public highway, but back away from the public road. The plaintiff, therefore, was not interested especially in constructing a road or improving it adjacent to its property, while Johnson, a real estate promoter, was particularly concerned in laying out this and other roads through his tract of land in order to develop lots facing upon these roads. There is nothing in the evidence showing that the plaintiff had any knowledge of the encroachment of the proposed road when the improvement was inaugurated and constructed or that it was to contribute any land towards the road or towards any improvement of it. It was misled by the action of Johnson and the town board. Prior to the improvement by the local authorities, there existed a macadam pavement which had been constructed entirely at the expense of Johnson. There is nothing in the relation of the plaintiff towards this road or the later improvement which would make the principle of estoppel apply to it and compel it to pay for assessments for an improvement upon its land which had not been acquired by the public for highway purposes.

The improvement was put over on the town authorities by Johnson, and it is inexplicable that the town authorities, without proper surveys and investigation, should have undertaken the improvement of this road before it became a public street. Their conduct was negligent. No such construction, however, can be placed on Johnson's conduct. He executed a deed to the University of Rochester and is presumed to have known where the dividing line was between his property and that of the university. Notwithstanding this knowledge, he laid out his tract of land into streets and lots, designating one street as Kilbourn road, and shoved half of the westerly portion over upon the property of the university.

Then he proceeded, before having dedicated the land, to prevail upon the town authorities to construct an improvement upon Kilbourn road as laid out upon his map, one-half of a portion of which was over upon the property of the University of Rochester, and when he dedicated Kilbourn road to the town authorities, which was accepted by them, he actually included a strip forty feet in width from the property of the plaintiff. All of this was done without any notice or knowledge, so far as the evidence shows, on the part of the University of Rochester or the Oak Hill Country Club.

Under these circumstances, there being no jurisdiction to make the improvement, apportionment and assessment, the plaintiff was not bound to commence proceedings within thirty days after the filing of the final assessment roll with the town clerk, as provided by statute (Laws of 1926, chap. 549, § 9, as amd. by Laws of 1927, chap. 637, in effect April 4, 1927). Part of the proceedings antedated the time when this amendment took effect. The plaintiff, not being cut off by the Statute of Limitation, and there being no waiver or estoppel on the part of the plaintiff, the court is free to apply the law unrestricted by any equitable principles, and that law provides that private property shall not be taken, except upon compensation after due process, and that no improvement can be made under the Town Street Improvement Law except upon a public street.

If this conclusion leaves the town officers in an uncomfortable situation, it is one of their own creation. It is not for the court to try to find a way out for them, but to adjudicate the rights of the parties according to well-established rules designed, not merely to protect the public, but also private interests. It is not a case for straining equitable principles to sustain an improvement and assessments, but of following the law, which equity does, where the law is clear.

The improvement of the westerly half of Kilbourn road opposite plaintiff's property is void, and the apportionment and unpaid assessments made on plaintiff's property for said improvement are void and must be set aside, their enforcement enjoined, and the superintendent of highways restrained from trespassing upon plaintiff's property west of the center line of Kilbourn road.

So ordered.